## Gustava Anderson, Administratrix, Appellee, v. Chicago City Railway Company, Appellant.

### Gen. No. 22,436.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Affirmed. Opinion filed October 10, 1917. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by Gustava Anderson, as administratrix of the estate of Henry Anderson, deceased, plaintiff, against the Chicago City Railway Company, defendant, to recover damages for the death of plaintiff's decedent caused by the wagon he was driving being struck by defendant's street car, frightening his horses and causing them to run, whereby he was thrown from the wagon and killed. From a judgment for plaintiff for $7,500, defendant appeals.

FRANKLIN B. HUSSEY and FRANK L. KRIETE, for appellant; W. W. GURLEY and J. R. GUILLIAMS, of counsel.

JOHN P. FRIEDLUND, DAVID K. TONE and AMOS W. MARSTON, for appellee.

MR. PRESIDING JUSTICE GOODWIN delivered the opinion of the court.

### Abstract of the Decision.

1. STREET RAILROADS, § 131*—*when evidence shows that death of driver of wagon was due to negligence of railroad company.* Evidence *held* to support a finding that the accident causing the death of plaintiff's decedent happened as the result of defendant

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

street railway company's negligence in striking one of the rear wheels of decedent's wagon and frightening the horses, causing them to run and throw out decedent, in an action to recover for such death.

2. STREET RAILROADS, § 135*—*when question for jury whether driver of wagon is guilty of contributory negligence.* Where the plaintiff's decedent, in an action to recover damages for the latter's death, was driving his wagon on defendant's street car tracks and, upon the approach from the rear of the wagon of defendant's car decedent turned diagonally off the track when the car was fifty to one hundred feet away, and, when the wagon was entirely off the track, turned it parallel to the track to continue forward but so close to the range of the car that the car struck the wagon, resulting in his death, *held,* that it was a question for the jury whether decedent was contributorily negligent.

3. APPEAL AND ERROR, § 1506*—*when cross-examination of witness is not reversible error.* Where an impeaching question was asked a witness on cross-examination as to a fact which examining counsel stated they would prove, to which objection was made and sustained, but the witness answered denying such fact and no proof thereof was made, *held* that such cross-examination was not reversible error.

4. APPEAL AND ERROR, § 471*—*when impeaching question is not ground for reversal.* Where the objection that an impeaching question asked a witness was improper was not urged at the time the question was asked or when impeaching testimony was attempted to be produced, and no opportunity was given the court to correct the error by a proper instruction, and no request was made for withdrawal of a juror at any time, such question was not ground for reversal.

5. DEATH, § 73*—*when instruction is not erroneous as assuming facts.* An instruction, in an action to recover damages for death from defendant's negligence, that the only care and caution that the decedent was required to exercise at and before the time of the accident in question was such care and caution as a reasonably careful and prudent person would have exercised under similar circumstances, and conditions that the evidence in the case showed surrounded the decedent at and before the time of the accident in question, *held* not subject to the criticism that it assumed facts in issue.

6. APPEAL AND ERROR, § 1531*—*when instruction is reversibly erroneous.* An instruction cannot be said to be reversibly erroneous unless, when applied to the facts, it tends to mislead the jury in

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Anderson v. Chicago City Ry. Co., 207 Ill. App. 427.

regard to matters actually in controversy or to leave out of consideration a matter actually in issue.

7. STREET RAILROADS, § 140*—*when instruction referring to declaration in action for death of driver of wagon is not erroneous.* An instruction, in an action to recover damages for death due to a wagon driven by decedent being struck by defendant's street car while decedent was driving the wagon off of defendant's tracks upon which he had been driving, that plaintiff could recover if she could prove her case "as alleged in her declaration or any count thereof," *held* not erroneous, although one count charged only that the decedent then and there drove the wagon to the right and thus commenced and started to drive out of the way of the car, then and there using all due care and caution for his own safety, and while so driving was negligently struck by the car, there being no question as to decedent's care and caution prior to the time he started to turn off of the track.

8. STREET RAILROADS, § 140*—*when instruction referring to declaration in action for death of driver of wagon is not erroneous.* An instruction, in an action to recover damages for death due to decedent being struck by defendant's street car, that plaintiff could recover upon proof "as alleged in her declaration or any count thereof," *held* not erroneous, although one count charged, after alleging decedent's due care and caution for his own safety, that it was defendant's duty not to operate its car at a high and dangerous rate of speed but so that decedent in the exercise of ordinary care and diligence for his own safety would not be injured by the operation of its car, and that defendant, disregarding such duty, had operated its car at such high and dangerous rate of speed that decedent, while so exercising such care and caution for his own safety, was struck and killed, such allegations being considered in connection with defendant's proof and instruction that those operating a street car must exercise only ordinary care for the safety of the public in running their cars.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.